20-2332-cv
*Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-one.

Present:

> JOHN M. WALKER,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI
> *Circuit Judges*,

---

LATIN AMERICAN MUSIC COMPANY, INC., AKA LAMCO, ASOCIACION DE COMPOSITORES Y EDITORES DE MUSICA LATINOAMERICANA, AKA ACEMLA

> *Plaintiffs-Appellants*,

> v.                                                  20-2332-cv

SPANISH BROADCASTING SYSTEM, INC.,

> *Defendant-Appellee,*

RAUL ALARCON, JR.,

> *Defendant*.

---

1

For Plaintiffs-Appellants:        STEPHEN G. STORCH, Storch Byrn LLP, New York, NY

For Defendant-Appellee:        JAMES GEORGE SAMMATARO, Pryor Cashman, LLP, Miami, FL (James Fitzpatrick, Hughes Hubbard & Reed, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, United States Circuit Judge for the Second Circuit, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Latin American Music Company, Inc. and Asociación de Compositores y Editores de Musica Latinomericana de Puerto Rico, Inc. (collectively, "Plaintiffs"), appeal from a judgment entered on July 17, 2020, granting Defendant-Appellee Spanish Broadcasting System, Inc.'s ("SBS") motion for attorneys' fees.  Plaintiffs brought the action underlying this appeal in 2013, alleging that SBS infringed their copyrights by playing Plaintiffs' songs on SBS-owned radio stations without a valid license.  After discovery, the district court granted in part SBS's motion for summary judgment, finding that seven of Plaintiffs' thirteen infringement claims were time barred.  The court held a bench trial on the remaining claims.  The only evidence that Plaintiffs presented at trial was the testimony of Luis Raul Bernard, Plaintiffs' principal, whom the court found not credible, concluding that he was "basically making up his testimony as he went along." *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 254 F. Supp. 3d 584, 590 (S.D.N.Y. 2017), *aff'd*, 738 F. App'x 722 (2d Cir. 2018).  The district court thus ruled in favor of SBS on the remaining six infringement claims, holding that Plaintiffs had not met their burden to show either element of copyright infringement: that (1) Plaintiffs owned the relevant copyrights to the songs at issue, and (2) SBS played those songs on its radio stations.  *Id.* at 590–91.  Plaintiffs appealed, and this Court affirmed. *Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 738 F. App'x 722 (2d Cir. 2018).  While the original appeal was pending, SBS moved for attorneys' fees for their district court litigation under 17 U.S.C. § 505; Fed. R. Civ. P. 11, 26, 37, and 54; and the district court's inherent power.  SBS later supplemented its motion, seeking attorneys' fees and costs from the original appeal as well. The district court granted both motions and entered judgment against Plaintiffs on July 17, 2020. Plaintiffs again appealed.  We assume the reader's familiarity with the record.

On appeal, Plaintiffs argue that the district court erred in awarding attorneys' fees and costs because (1) their claims were objectively reasonable; and (2) any litigation misconduct was attributable to the Plaintiffs' attorneys rather than the Plaintiffs themselves.  As explained below, we disagree.

"The standard of review of an award of attorney's fees is highly deferential to the district court." *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (internal

quotation marks omitted). "[T]he district court's determination will be reversed on appeal only for an abuse of discretion." *Id.* (internal quotation marks omitted). "Abuse of discretion is one of the most deferential standards of review; it recognizes that the district court, which is intimately familiar with the nuances of the case, is in a far better position to make certain decisions than is an appellate court, which must work from a cold record." *Id.* (internal quotation marks omitted); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1987 (2016) ("A district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim . . . .").

While there is no "precise rule or formula" for determining whether to award attorneys' fees, courts are guided by "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (internal quotation marks and alteration omitted). Courts may also consider other factors consistent with the goals of the Copyright Act—i.e., to "enrich[] the general public through access to creative works." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

Here, the district court carefully delineated and applied the factors articulated in *Kirtsaeng*. Plaintiffs have offered no compelling reason to disturb the district court's conclusions. Plaintiffs first contend that the underlying action was not frivolous, objectively unreasonable, or improperly motivated because there existed recordings of the alleged infringements that would have supported Mr. Bernard's testimony, even if those recordings were not presented to the district court. Plaintiffs also explain that they may have been entitled to sue SBS for copyright infringement because Paragraph 1 of a subpublishing agreement gave them an exclusive license to public performance of the copyrighted works—in contrast to the non-exclusive rights they held under Paragraph 8, which was the focus of the proceedings in the district court. Yet the district court properly assessed the reasonableness of Plaintiffs' action based on the record before it, rather than the hypothetical record that might have existed, constructed in retrospect. The district court expressly warned Plaintiffs in ruling on summary judgment that, "unless Bernard takes the stand and demonstrates savant-like abilities of recall, it is doubtful that a finder of fact will credit Bernard's testimony regarding when he heard the songs at issue played on Defendant's radio stations." *Latin Am. Music Co.. v. Spanish Broad. Sys., Inc.*, 232 F. Supp. 3d 384, 391 n.5. Plaintiffs chose to forge ahead with trial, after which the district court found with "little trouble" that "none of Bernard's testimony . . . [was] credible" and that he was "basically making [it] up . . . as he went along." *Latin Am. Music Co.,*, 254 F. Supp. 3d at 590. The purported recordings were not entered into evidence, and the district court noted it was "highly skeptical" as to their authenticity. Sp. App'x at 9. Plaintiffs' *post hoc* explanations based largely on evidence that was never properly presented in the district court cannot render their claims objectively reasonable or non-frivolous at the time they were filed and litigated.

Plaintiffs next argue that the district court erred in holding them responsible under section 505 when any misconduct was attributable to their former attorneys. To the contrary, the district court found that the Plaintiffs had engaged in a "litigation strategy designed to extract settlements by imposing costs and litigation risks on defendants." Sp. App'x at 10. Although the court ordered Plaintiffs' attorneys to show cause why they should not be sanctioned for their misconduct in the course of the litigation, it was careful to explain that ultimate responsibility for the

3

proceeding remained with the plaintiff, Latin American Music Company, Inc. App'x at 681 (noting that, regardless of the outcome of the order to show cause, "it all ultimately nonetheless is attributable to the plaintiff. The plaintiff, either in its choice of lawyer or in its own decisions during the course of discovery and this litigation or perhaps both, is certainly going to be held accountable for the serious missteps that have taken place"). As the district court noted, the Plaintiffs have a history of bringing similar claims, despite the fact that courts have previously imposed attorneys' fees under section 505. *See Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526 (RJS), 2020 WL 2848232, at *4 (S.D.N.Y. June 1, 2020) (citing *Latin Am. Music Co. v. Media Power Grp., Inc.*, 989 F. Supp. 2d 192, 197 (D.P.R. 2013)). The district court therefore did not abuse its discretion in concluding that the purposes of the Copyright Act would be best served by imposing attorneys' fees on the Plaintiffs. Even if the Plaintiffs' attorneys' conduct was independently sanctionable under the Federal Rules of Civil Procedure or susceptible to a claim for malpractice,[1] the court would not have been required to decrease the fee award imposed on the Plaintiffs as a result of their own conduct.

*     *     *

We have considered the Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Attorney Jose Luis Torres's motion to intervene is **DENIED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We express no opinion as to whether the Plaintiffs' former attorneys committed any sanctionable misconduct or malpractice.

4